UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON CARPENTER,

        Plaintiff,                        Hon. Richard Alan Enslen

v.                                                Case No. 1:06-CV-70

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss. (Dkt. #5). Specifically, Defendant asserts that Plaintiff's complaint must be dismissed on the ground that it was not timely filed. Plaintiff has not responded to Defendant's motion. Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for dismissal or summary judgment, the undersigned recommends that Defendant's motion be **granted**.

On January 27, 2006, Plaintiff initiated the present action appealing the Commissioner's decision denying his claim for benefits. Pursuant to 42 U.S.C. § 405(g), appeals such as this must be filed in the district court within 60 days of the Commissioner's final decision. This requirement is not jurisdictional in nature, but instead operates as a statute of limitations. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). However, because this limitations period constitutes a waiver of sovereign immunity it "must be strictly construed." *Id.* at 479. As discussed

below, Plaintiff's action was filed after the expiration of the relevant 60 day period. While equitable tolling of the limitations period is appropriate in certain limited circumstances, Plaintiff has failed to establish entitlement thereto. Furthermore, while Plaintiff could have requested from the Commissioner an extension of time within which to initiate his appeal in the district court, he made no such request.

Plaintiff filed for disability benefits on December 19, 2002. (Dkt. #5, Exhibit 1). His application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). On February 10, 2005, Plaintiff appeared before ALJ Michael Finnie. In a decision dated April 26, 2005, ALJ Finnie determined that Plaintiff was not disabled. Plaintiff appealed this determination to the Appeals Council. *Id.* In a decision dated November 14, 2005, the Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Dkt. #5, Exhibit 2). This decision instructed Plaintiff that if he wished to seek judicial review of the Commissioner's determination, he must do so within 60 days. Plaintiff was further informed that

> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

*Id.*

Accordingly, the 60 day period began to run on November 20, 2005, and expired on January 19, 2006. Plaintiff initiated the present action on January 27, 2006. (Dkt. #1). Thus, Plaintiff's action is untimely. The Court notes that Plaintiff's handwritten complaint is dated January 6, 2006. However, even if the Court assumes that Plaintiff prepared and mailed his complaint prior

to the expiration of the limitations period, the result is the same. *See Manganiello v. Secretary of Health and Human Services*, 1983 WL 44218 at *1 (S.D.N.Y., Sep. 19, 1983) (the timely filing requirement "is not satisfied by the mere mailing of the necessary papers within the allotted time").

As indicated above, the relevant statute of limitations is subject to equitable tolling in certain circumstances. However, Plaintiff has not established entitlement to such relief. He was clearly notified of the time period within which to file his claim in the district court and there is neither evidence nor allegation that Defendant undertook any improper action in this matter. *See Bowen*, 476 U.S. at 481-82; *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994); *White v. Commissioner of Soc. Sec.*, 2003 WL 22905309 at *1-2 (6th Cir., Nov. 26, 2003). Finally, while Plaintiff could have requested an extension of time within which to file his appeal in the district court, *see* 20 C.F.R. §§ 404.911, 404.982, he did not request any such extension. (Dkt. #5, Kelly Affidavit). Furthermore, Plaintiff has failed to even respond to the present motion.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the present action was not timely filed and that, therefore, Defendant's motion to dismiss must be **granted**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure

to file objections within the specified time waives the right to appeal the District Court's order. *See*

*Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date:  September 20, 2006                               /s/ Ellen S. Carmody
                                                        ELLEN S. CARMODY
                                                        United States Magistrate Judge